VICKSBURG, SHREVEPORT AND TEXAS RAILROAD COMPANY *v.* THOMAS L. TERRY.

*Where a contract was alleged to have been made, by which the agent of a company bound himself to a party subscribing for stock, to take it off his hands at the expiration of a certain time—Held: that to be binding, such a contract should have been reciprocal so that either party might enforce it.*

APPEAL from the District Court of the Parish of Claiborne, *Richardson*, J. *McGuire & Ray*, for plaintiff. *J. Young*, for defendant and appellant.

MERRICK, C. J. The defendant having been sued for certain installments of stock of said company, cited one *S. P. Gee*, as warrantor, under the allegation that at the time he subscribed to the stocks *Gee* acted as the agent of the company, and defendant was induced to subscribe the stock by the false representations of *Gee*, who promised and bound himself to take said "stock off the hands of respondant." There was judgment against defendant for the installments of stock and interest due the company, and in favor of the defendant on his demand in warranty against *Gee*, for the like sum and interest. *Gee* alone appeals.

The testimony on the demand in warranty consists of two depositions. The one contains a detail of a conversation of the defendant *Terry*, at a time when *Gee* was not present, and the other of a like conversation with *Gee* when *Terry* was not present. This testimony is far from satisfactory. But if it be conceded that it proves what *Pool* states that *Gee* admitted, that at the time the stock was subscribed he, *Gee*, the agent, told *Terry* that he would take it off his hands at the expiration of twelve months, it will not enable the defendant to recover, for, in order to become a binding contract it should appear that the offer was not only seriously made *but was accepted.* It should have been reciprocal. A contract which *Gee* could have enforced as well as *Terry*. But this is not all, before he could have demanded the price of *Gee* he should have done all in his power to make a transfer of the stock, and should have made an offer so to do. C. C. 1907, 1908. The 16th section of the original charter of the company does not dispense with this obligation on the part of *Terry*. This section seems to look to the interests of the company rather than the effect of contracts as to the stock between the parties.

Whether *Gee* could in any event under the contract, as alleged to be proven by the testimony of *Pool*, be held for the interest upon the installments of stock, is a question not necessary at present to decide.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court in favor of the defendant, *Terry*, and against the warrantor, *S. P. Gee*, be avoided and reversed, and that there be judgment in favor of said *Gee*, as in case of a nonsuit, the defendant, *Terry*, paying the costs of both courts.